## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

CARRIE BILLS,

                    Plaintiff,                                    No. C05-1009

vs.                                                              **ORDER**

CITY OF DUBUQUE, STAN RYAN,
MIKE SCHMIT, PHIL FRIEDMAN,

                    Defendants.

_____

This matter comes before the court pursuant to defendants' March 16, 2006 motion to strike expert testimony (docket number 12). Plaintiff resisted defendants' motion on March 27, 2006 (docket number 15). For the reasons set forth below, defendants' motion to strike is denied.

At issue in defendants' motion is the February 15, 2006 report of Mary V. Schwartz MA, LMHC. Ms. Schwartz began working with the plaintiff as her mental health counselor approximately three years prior to the February 11, 2003 incident (plaintiff's arrest), which is at the center of this lawsuit. Plaintiff's expert designation deadline was November 16, 2005. On that date the plaintiff served on the defendants a "Designation of Experts" which listed Ms. Schwartz (and other treating physicians) by name and address only. Plaintiff's designation further provided:

> The above doctors and therapists provided treatment to Plaintiff, Carrie A. Bills, for injuries she incurred. These health-care providers, as referenced in the medical records, may be called for the purpose of testimony related to their care and treatment of Carrie A. Bills, which may include opinions as to the etiology of Carrie's injuries, the causation and causative effect of those injuries and any permanent injury to

1

> Carrie. The subject matter of each of their testimony may fall within the realm of expert opinions and conclusions, although none of the foregoing witnesses were retained by Plaintiff for purpose of this litigation.

Defendants argue that Ms. Schwartz's report, which they received on February 18, 2006, contains inadmissible hearsay and purports to diagnose post-traumatic stress syndrome related to the arrest. Defendants contend that Ms. Schwartz's report is unsupported by any records produced during discovery and that it was the first time Schwartz purported to give such an opinion, which is given solely for the purposes of this litigation and not as a result of any treatment. As such, defendants request that Ms. Schwartz not be allowed to testify as to any of the factual hearsay statements in her report, or to the diagnosis of post-traumatic stress syndrome or its cause.

Plaintiff resists defendants' motion to strike, arguing that Ms. Schwartz is a treating therapist and, therefore, not subject to the written report requirements of <u>Fed. R. Civ. P.</u> 26(a). As set forth in Ms. Schwartz's report, she began treating the plaintiff approximately three years prior to the incident at issue in this lawsuit, and continued treating her thereafter. Apparently, the only reason for a lapse in Ms. Schwartz's treatment of the plaintiff is Ms. Schwartz's own health problems which, according to the report, is also the reason for its untimeliness. With respect to the underlying treatment records, plaintiff explains that an exhaustive search was undertaken, but that the plaintiff's records at Lutheran Services have either been lost or misplaced. Plaintiff further argues that Ms. Schwartz should not be prohibited from testifying consistent with her written report, as plaintiff's April 21, 2005 discovery responses both identified Ms. Schwartz as a health care provider (answer to interrogatory number 23) and that the plaintiff had been diagnosed with post-traumatic stress syndrome (answer to interrogatory number 15). Further, the plaintiff testified as follows in her August 31, 2005 deposition:

Q:      What about mental?

A:      My therapist explained to me that I have some post traumatic stress issues with this.  I have some varying anxiety, I have had severe anxiety and panic attacks when I am around officers.  I am on – I have been tried on several different anxiety medications throughout the last couple of years.

Q:      Maybe I asked you this, is it Schwartz the one that is – that we can talk to about the mental part of it?

A:      Schwartz and Callahan, I have just seen her [Callahan] once or twice.

Fed. R. Civ. P. 26(a)(2), which governs the disclosure of expert testimony, provides, in pertinent part:

> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report prepared and signed by the witness.

Rule 26(a)(2)(B) goes on to list the required components of the written report.

When faced with a similar issue in Navarude v. USA, 2003 WL 356091 (N.D. Iowa 2003), Judge Zoss analyzed the many cases on point and ultimately found that the written report requirement of Rule 26 is not applicable in cases where the treating health care provider limits their testimony to the patient's care and treatment.  Id. At *7.  The trial court then has discretion in limiting or prohibiting a health care provider's "opinion testimony that goes beyond information obtained during the [health care provider's] care and treatment of the patient, or if the court determines that the [health care provider] was

selected for expert testimony." Id. (citation omitted). This court agrees with Judge Zoss' analysis.

In this case, Ms. Schwartz provided mental health counseling and treatment for the plaintiff for several years prior to the alleged assaultive incident, continued treating her thereafter, and only stopped treating the plaintiff due to Schwartz's own health issues. The defendants knew that Ms. Schwartz was a mental health care provider of the plaintiff and that, according to the plaintiff's deposition, had identified that the plaintiff was experiencing post-traumatic stress as a result of the incident. Despite having this knowledge, the defendants made no further inquiry on this topic until after discovery had closed. The plaintiff is agreeable to reopening discovery so that the defendants may depose Ms. Schwartz. As the trial date has not been set in this matter, the court agrees that discovery should be reopened for this purpose.

Upon the foregoing,

IT IS ORDERED that defendants' motion to strike (docket number 12) is denied. Defendants shall have 30 days from the date of this order to depose Ms. Schwartz.

April 13, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT